PEERSON v. WOOTON.

No. 32761.   Sept. 16, 1947.

*184 P. 2d 788.*

L. J. Bicking, of Tulsa, for plaintiff in error.

W. H. Kisner, of Tahlequah, for defendant in error.

WELCH, J.   This is an action in replevin for the possession or value of a certain automobile.

On the 27th day of April, 1945, Tennie Wooton assigned a certificate of title to the automobile to the defendant. Callie Condon was appointed guardian of Tennie Wooton in September and filed this action in October, 1945. Trial by jury was waived and the cause was submitted to the court on February 20, 1946. Judgment was rendered for the plaintiff, and defendant appeals.

The issue presented to the trial court and here, was whether Tennie Wooton was mentally capable of understanding the nature and effect of the transaction at the time she executed the certificate of title and delivered possession of the automobile.

Tennie Wooton was present at the trial and was observed and questioned by the court. Her answers, as reflected by the record, show that at that time she had no sufficient mental capacity to understand the nature and effect of any business transaction and had no understanding of the events that transpired on the day the certificate was signed.

There was testimony that Tennie Wooton was 68 years of age on April 27, 1945, and was a frail and sickly person; that she had suffered a gradual physical and mental deterioration since her husband's death in 1941.

Tennie Wooton had often expressed the desire that defendant have all her property after her death. The certificate was signed after a lengthy discussion concerning the disposition of her property and after she had signed a deed to her home. She was in bed throughout the discussions and transactions had in making the conveyances.

The execution of the deed is the subject of other litigation which was brought here on appeal, Peerson v. Condon, 199 Okla. 134, 184 P. 2d 785. The evidence presented in that case was practically the same as presented herein. In that case we held that the finding of the trial court that Tennie Wooton was incompetent at the time of the execution of the deed was not against the weight of the evidence.

In this character of action, and on appeal, the test of the sufficiency of the evidence is whether there is any competent evidence reasonably tending to support the judgment.

In Peerson v. Condon, Guardian, supra, we said:

"The test of capacity to make a deed is that the grantor shall have the ability to understand the nature and effect of the act in which he is engaged and the business he is transacting."

The same rule is applicable in the making of a transfer of title to an automobile.

For a more complete review of the evidence relating to the acts of the parties at the time the certificate was signed, see the discussion in the other case. It is sufficient here to note that the evidence concerning the acts of the parties at the time the certificate was signed raises a reasonable inference that Tennie Wooton did not know and understand the nature and effect of the transactions, or at least was incapable of distinguishing between her desire that defendant have the property after her death, and the effect of the instrument executed which was a present conveyance.

The evidence that she had been ailing both physically and mentally for the past three or four years and her observable physical and mental condition when before the court on the trial date on February 20, 1946, was sufficient evidence to support the conclusion of the trial court that she was in April, 1945, incapable of understanding the nature and effect of her execution of the certificate of title.

There was objection and some presentation in the brief against the admission in evidence of the testimony of Tennie Wooton. However, no authority is cited holding such admission to be reversible error. Rather it is argued in the brief that the trial judge should pass upon the competency to testify as a witness and that competency to testify as a witness would be a strong argument in favor of competency to transact business and know the consequences of her acts, some nine months prior, at the time of the transaction here involved. Be that as it may, there was ample other evidence to meet the test and to sustain the trial court's finding and judgment.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and CORN and LUTTRELL, JJ., concur.